UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STARR AVIATION AGENCY, INC., ET AL.                                    Plaintiffs

v.                                                                               Civil Action No. 3:19-cv-486-RGJ

BROWN SRPINKLER CORP., AND                                             Defendants
VULCAN FIRE SYSTEMS, INC.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Defendant Brown Sprinkler Corp. moves to dismiss the Amended Complaint [DE 21]. In addition, Plaintiffs move to file a second amended complaint. [DE 24]. Defendant Vulcan Fire Systems, Inc. moves for Joinder with Brown Sprinkler Corp.'s Motion to Dismiss. [DE 25]. The motions are ripe. For the reasons below, Defendant Vulcan Fire Systems, Inc.'s Motion for Joinder is **GRANTED**, Defendant Brown Sprinkler Corp.'s Motion to Dismiss is **DENIED**, and Plaintiffs' Motion to Amend is **GRANTED IN PART** with leave to file a Second Amended Complaint.

**I.     BACKGROUND**

Plaintiffs filed their Complaint on July 3, 2019 against Defendants Brown Sprinkler Corp. and Vulcan Fire Systems, Inc. ("Defendants"). [DE 1]. Plaintiffs amended their Complaint as a matter of right on July 10, 2019. [DE 4]. The only change in the Amended Complaint was altering the name of "OBE Insurance Company through QBE Insurance Corporation" to "QBE Insurance Corporation." [DE 1, DE 4]. The Amended Complaint names as Plaintiffs: Starr Aviation Agency, Inc., on behalf of Starr Surplus Lines Insurance Company, Starnet Insurance Company through Berkley Aviation, LLC, Endurance American Insurance Company through W. Brown & Associates, Various Lloyds of London Syndicates, British Insurance Company, and others through Marsh, Ltd., Mitsui Sumitomo Insurance USA, Inc., through Air Centurion Insurance Services,

1

LLC, Old Republic Aerospace through Old Republic Insurance Company, QBE Insurance Corporation, Allianz Global Risk US Insurance Company through Allianz Global Corporation and Specialty, XL Specialty Insurance Company through XL Catlin Trans States Holding, Inc. and Compass Airlines, LLC ("Plaintiffs"). [DE 4 at 21].

Both the Complaint and Amended Complaint allege the Court has jurisdiction under 28 U.S.C. 1332(a) because the controversy is between citizens of different states and the amount in controversy exceeds $75,000. [DE 1, DE 4]. Both are silent about the citizenship of the Plaintiffs. The Complaint and Amended Complaint state that Defendants are Kentucky corporations, but state nothing more about their citizenship. [DE 1, DE 4].

Defendants move to dismiss because Plaintiffs have failed to allege facts that establish complete diversity between the parties. [DE 21]. In Response, Plaintiffs move to amend their complaint a second time. [DE 24]. Their proposed second amended complaint seeks to remove eight of the named Plaintiffs:

> a) The following Plaintiffs (as named in the original Complaint) are dismissed without prejudice from the Complaint:
> 
> 1) Starnet Insurance Company through Berkley Aviation, LLC;
> 2) Endurance American Insurance Company through W. Brown & Associates;
> 3) Various Lloyds of London Syndicates, British Insurance Companies and other through Marsh, LTD;
> 4) Mitsui Sumitomo Insurance USA, Inc., through Air Centurion Insurance Services, LLC;
> 5) Old Republic Aerospace through Old Republic Insurance Company;
> 6) QBE Insurance Corporation;
> 7) Allianz Global Risk US Insurance Company through Allianz Global Corporation and Speciality;
> 8) XL Specialty Insurance Company through XL Catlin.

[DE 24-2 at 118].

The proposed second amended complaint also adds allegations about the citizenship of the remaining Plaintiffs, Starr Aviation Agency, Inc., on behalf of Starr Surplus Lines Insurance Company, Trans States Holdings, Inc., and Compass Airlines, LLC. [DE 24-2 at 117-18]. The proposed Second Amended Complaint included the following jurisdictional allegations about the remaining Plaintiffs:

> 3. **Additional Jurisdictional Allegations:**
>
>    a) Starr Aviation Agency, Inc., was a corporation organized in the state of New York with a principal place of business in Atlanta, Georgia.
>
>    b) Starr Surplus Lines Insurance Company is a corporation organized in the state of Texas with a principal place of business in New York, New York.
>
>    c) Trans States Holdings, Inc., is a corporation organized in the state of Delaware with a principal place of business in St. Louis, Missouri;
>
>    d) Compass Airlines, LLC is a limited liability company organized in the state of Delaware with a principal place of business in Minneapolis, Minnesota. The only member of Compass Airlines, LLC is Trans States Holdings, Inc., organized as stated in numerical paragraph 3 c above.

[DE 24.2 at 199]. The proposed Second Amended Complaint does not mention the citizenship of the other eight Plaintiffs or the principal places of business of Defendants.

## II.   STANDARD

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir.1988)). Federal Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies

by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 Fed. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

### III. DISCUSSION

Plaintiffs move to amend their complaint a second time to cure the jurisdictional defects.[1] [DE 24].

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between," as relevant here, "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also* U.S. Const. Art. III § 2 ("The judicial power shall extend . . . to controversies . . . between citizens of different states[.]"). Courts call this concept "diversity jurisdiction," a form of subject-matter jurisdiction in

---

[1] "Federal courts are courts of limited jurisdiction," and "the burden of establishing" a jurisdictional basis "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). Based on these foundational principles, the Court has an ever-present "duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

a case. *See Grupo Dataflux v. Atlas Global Grp., LP*, 124 S. Ct. 1920, 1925-26 (2004). Exercising diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 472 (1996). In other word, "no plaintiff" can be "a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). The general rule is that diversity is determined at the time of the filing of a lawsuit. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) citing *Smith v. Sperling*, 354 U.S. 91, 93 & n.1(1957).

Under the diversity jurisdiction statute, 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. A limited liability company is a citizen of the state of citizenship of each of its members. *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002); see *also Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). When diversity jurisdiction is invoked with a limited liability company as a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have many members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

28 U.S.C. § 1653 allows parties to amend defective jurisdictional allegations. *Varsity Brands, Inc. vs. Star Athletica, LLC,* 799 F.3d 468 (6th Cir. 2015). Under the statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The statute addresses only incorrect statements about jurisdiction that exists, not defects in the jurisdictional facts themselves. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826,

5

830–31, 109 S. Ct. 2218, 2222, 104 L. Ed. 2d 893 (1989) ("§ 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."). That said, Fed. R. Civ. P. 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *Id*. at 832. The Supreme Court has recognized that "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered" and that courts "have the authority to dismiss a dispensable nondiverse party" to cure a jurisdictional defect. *Id*. at 837.

Plaintiffs did not allege their citizenship and did not allege the principal places of business of Defendants in their Complaint or Amended Complaint. The proposed second amended Complaint seeks to drop eight Plaintiffs as parties pursuant to Fed. R. Civ. P. 21. Presumably the citizenship of these parties destroy diversity. Plaintiffs allege that these eight parties are dispensable and that the only indispensable parties are the lead insurer who paid the loss under a Memorandum of Agreement for claims handling, and the insured, for other damages and deductible amounts not paid by the insurer. [DE 24-1 at 115]. The Defendants did not reply in support of their motion to dismiss addressing this argument. Nor did the Defendants respond to the Plaintiffs' motion to amend. Thus, there appears to be no prejudice as a result of dropping these dispensable Plaintiffs. As a result, the Court will grant the Plaintiffs' motion to amend. However, the proposed Second Amended Complaint, despite including allegations of the citizenship of the remaining Plaintiffs, still fails to allege the principal place of business of the Defendants. The Plaintiffs will be granted 20 days to file a second amended complaint that properly alleges the citizenship of the Defendants.

For these reasons, **IT IS ORDERED** as follows:

1. Defendant Vulcan Fire Systems, Inc.'s Motion for Joinder [DE 25] is **GRANTED**.

2. Defendant Brown Sprinkler Corp.'s Motion to Dismiss [DE 21] is **DENIED**.

3. Plaintiffs' Motion to Amend [DE 24] is **GRANTED** with leave to file a Second Amended Complaint curing the defects set forth above within 20 days of the entry of this Order.

*Rebecca Grady Jennings, District Judge*
United States District Court

September 24, 2020